FILED
8/8/16
Date
CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRISTIAN DOSCHER,

Plaintiff

v. Case No. 8:16cv2275-T-27AEP

ANGIE BARNETT,
5036 Dr. Phillips Boulevard #266, Orlando, FL 32819

PHILIP DENNINGTON
8000 Bridgestone Dr, Orlando, FL 32835

Defendants
_______________________________/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Christian Doscher, acting **pro se**, hereby brings this action against the above named Defendants, for the tort of defamation per se.

> The court should construe pro se pleadings liberally and hold them to a less stringent standard than pleadings drafted by attorneys.
>
> Jones v. Citibank, NA, No. 8: 16-cv-1404-T-27TBM (M.D. Fla. June 15, 2016)
> citing Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003)

### A. PARTIES

1. Plaintiff Christian Doscher is and was a private citizen of the State of Washington during the alleged commission of all alleged torts.

2. Defendant Angie Barnett is and was a private citizen of the State of Florida during the alleged commission of all alleged torts.

3. Defendant Philip Dennington is and was a private citizen of the State of Florida during the alleged commission of all alleged torts.

### B. JURISDICTION AND VENUE

4. The Plaintiff lives in Washington, the Defendants both live in Florida and the amount in controversy exceeds $75,000, hence, this Court has diversity jurisdiction under 28 U.S.C. § 1332(a).

5. Defendants in this case committed at least a substantial portion of the alleged torts while within this District. Hence, venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1, 2).

### C. NEITHER PARTY IS A PUBLIC FIGURE

6. Neither party has ever sought or acquired any position of public power or influence which would give him or her the ability to protect himself apart from the courts within the meaning of *New York Times v. Sullivan, 376 U.S. 254 (1964)*. The parties are not public figures within the meaning of *New York, supra* or its progeny.

D.  **THIS COMPLAINT MEETS THE HEIGHTENED PLEADING STANDARD IN *BELL ATL. CORP. v. TWOMBLY*, 550 U.S. 544 (2007)**

A complaint can only survive a 12(b)(6) motion to dismiss if it contains factual allegations that are "enough to raise a right to relief above the speculative level, on the assumption that all the [factual] allegations in the complaint are true." Twombly, 550 U.S. at 555. However, a well-pled complaint survives a motion to dismiss "even if it strikes a savvy judge that actual proof of these facts is improbable, and `that a recovery is very remote and unlikely.'" Twombly, 550 U.S. at 556.
Bezeau v. Cable Equipment., No. 14-24538-CIV-SEITZ/TURNOFF (S.D. Fla. May 27, 2015)

E.  **THE STATUTE OF LIMITATIONS DOES NOT BAR THIS ACTION**

7. Florida's statute of limitations for libel is 2 years:

"...the statute of limitations for "action[s] for libel and slander" is two years under Florida law."
Tobinick v. Novella, No. 9: 14-CV-80781-ROS./BRAN. (S.D. Fla. Mar. 16, 2015)
citing Fla. Stat. § 95.11(4)(g)

8. All of Defendants' communications which are referenced anywhere in this Complaint in support of the charge of defamation per se were both sent by Defendants and received by the third-parties in August of 2015.

9. Since this case is filed before August 2017, this action is thus brought well within the applicable 2-year statute of limitations.

F.  **PLAINTIFF SUES FOR THE TORT OF DEFAMATION PER SE**

10. Under Florida law, a claim for defamation requires that (1) the defendant published a false statement, (2) about the plaintiff, (3) to a third party, and (4) that the falsity of the statement caused injury to the plaintiff. *Bass v. Rivera, 826 So. 2d 534, 535 (Fla. Dist. Ct. App.2002). Fortson v. Colangelo, 434 F. Supp. 2d 1369, 1378 n.11 (S.D. Fla. 2006).*

11. As to defamation per se, malice is presumed, as are general damages. *Lawnwood Medical Center v. Sadow, 43 So.3d 710, 727 (Fla. 4th DCA 2010).*

3

> But even if Plaintiff is alleging harm only to his personal reputation, Plaintiff has stated a claim for libel per se in that Defendants' statements plausibly subjected Plaintiff "to hatred, distrust, ridicule, contempt, or disgrace,"...
> Dibble v. AVRICH, No. 14-CIV-61264-BLOOM/Valle (S.D. Fla. Nov. 20, 2014)
> quoting Dibble v. Avrich, 2014 WL 5305468 at *3
> (quoting Klayman v. Judicial Watch, Inc., 2014 WL 2158418, at *2 (S.D. Fla. May 23, 2014)

12. Defamation per se does not require showing that the falsely alleged crime rose to the level of "infamous" or "felony". An unspecified accusation that Plaintiff did something "illegal" is sufficient:

> A statement that a person has committed a crime <u>or done something illegal</u> is one of the classic slander per se categories — that is, the pleader need not allege specific damages to state a cause of action.
> Scott v. Busch, et al, 907 So.2d 662, 667 (DC, 5th Dist. 2005)

> These general damages concerning a plaintiff's dignity, reputation, and emotional harm need not be proved...
> Klayman v. Judicial Watch, Inc., 22 F. Supp. 3d 1240,1253 (Dist. Ct., SD Florida 2014)
> F.A.A. v. Cooper, ___ U.S. ___, 132 S.Ct. 1441, 1454, 182 L.Ed.2d 497 (2012)

### G. FACTUAL ALLEGATIONS

13. On or about August 26, 2015, Defendant Dennington told third party James Holding that Plaintiff Doscher had been stalking Dennington's girlfriend, and Dennington believed Plaintiff was a "nutter" and wished nothing more to do with Plaintiff.

14. That stalking allegation is false. Plaintiff has never committed the crime or the act of stalking Dennington's girlfriend.

15. Florida Courts have already found that false allegations of stalking are sufficient to require jury trial:

> Further, statements that Plaintiff is a "stalker,"... are reasonably interpreted as assertions that Plaintiff has committed felonious acts. Plaintiff and Defendants have submitted affidavits disputing the care taken by Defendants in investigating these claims prior publishing them, and thus, there is a triable issue of fact as to whether these statements are libelous per se.
> Saadi v. Maroun, Case No. 8:07-cv-1976-T-24-MAP (Dist. Court, MD Florida 2009)

4

16. Dennington published this falsity maliciously, without good faith and with reckless disregard for the truth.

17. On or about August 26, 2015, Defendant Barnett told James Holding that Plaintiff had been stalking her through Facebook, and that she thus feared for her kids' sakes.

18. That stalking allegation is false: Plaintiff has never committed the crime or the act of stalking Barnett through Facebook, nor has he stalked her in any other way whatsoever.

19. Barnett published this falsity maliciously, without good faith and with reckless disregard for the truth.

20. During Dennington's conversation with Holding, *supra*, Dennington discussed the possibility of calling the police on Plaintiff for said alleged stalking.

21. Hence, the "stalking" comment was an accusation of a *crime*, hence, defamation *per se*.

22. Florida's criminal stalking law requires fulfillment of the elements "to no legitimate purpose" and a fear for one's safety:

Fl. Stat. § 784.048 Stalking; definitions; penalties.—
(1) As used in this section, the term:
    (a) "Harass" means to engage in a course of conduct directed at a specific person which causes substantial emotional distress to that person and serves no legitimate purpose.
    (b) "Course of conduct" means a pattern of conduct composed of a series of acts over a period of time, however short, which evidences a continuity of purpose. The term does not include constitutionally protected activity such as picketing or other organized protests.
    (c) "Credible threat" means a verbal or nonverbal threat, or a combination of the two, including threats delivered by electronic communication or implied by a pattern of conduct, which places the person who is the target of the threat in reasonable fear for his or her safety or the safety of his or her family members or individuals closely associated with the person, and which is made with the apparent ability to carry out the threat to cause such harm. It is not necessary to prove that the person making the threat had the intent to actually carry out the threat. The present incarceration of the person making the threat is not a bar to prosecution under this section.
    (d) "Cyberstalk" means to engage in a course of conduct to communicate, or to cause to be communicated, words, images, or language by or through the use of electronic mail or electronic

communication, directed at a specific person, causing substantial emotional distress to that person <u>and serving no legitimate purpose</u>.
(2)  A person who willfully, maliciously, and repeatedly follows, harasses, <u>or cyberstalks another person commits the offense of stalking, a misdemeanor of the first degree</u>, punishable as provided in s. 775.082 or s. 775.083.
(3)  A person who willfully, maliciously, and repeatedly follows, harasses, or cyberstalks another person and makes a credible threat to that person commits the offense of aggravated stalking, a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

23. Barnett's specifying that Plaintiff had stalked her *through Facebook* indicates that the specific crime she allegedly was fearful of was Plaintiff's "cyberstalking" (Fl. Stat. § 784.048(d) and Id. (2).

24. Plaintiff has never done anything to contact Dennington's girlfriend "to no legitimate purpose", nor has he done anything to make her fear for the safety of herself or her kids or anybody else.

25. At no time in any of Plaintiff's interactions with Barnett did he express or imply, or act in any way that would reasonably suggest that he was or would be a threat in any way whatsoever to the safety of her, her kids or anybody else.

### H.  FALSE ACCUSATION OF MISDEMEANOR IS DEFAMATION PER SE

26. "[A] publication which falsely and maliciously charges another with the <u>commission of a crime</u> is actionable per se." *Axelrod v. Califano, 357 So.2d 1048, 1050 (Fla. 1st DCA 1978)*(Defendant statements made by former employer to a third party that plaintiff was a thief and a forger were actionable per se, and raised a presumption of malice as a matter of law), citing *Layne v. Tribune Co., 108 Fla. 177, 146 So. 234 (1933)*.

> Notably, "... words falsely imputing a <u>criminal offense</u> to another [i.e. 'thief' and a crook,] are actionable per se."
> Mitchell Co., Inc. v. Campus, 672 F. Supp. 2d 1217, 1245 (Dist. Court, SD Alabama 2009)
> Quoting Bobenhausen v. Cassat Ave. Mobile Homes, Inc., 344 So.2d 279, 281 (Fla.App.1977)

27. Since false accusations that one is a "thief" and "crook" do not necessarily connote felonies but are still libelous per se, it does not matter if the exact type of stalking

Defendants falsely accused Plaintiff of committing, legally rank as something less than 'infamous' or 'felony', the mere fact that Defendants maliciously and falsely charged Plaintiff with a multitude of 'crimes' implicates the tort of libel *per se* regardless. *Mitchell*, supra.

28. The allegation that Plaintiff stalked Barnett *through Facebook* implicates "cyberstalking", which Florida law ranks as a misdemeanor:

> Fl. Stat. § 784.048
> (2) A person who willfully, maliciously, and repeatedly follows, harasses, or cyberstalks another person commits the offense of stalking, <u>a misdemeanor of the first degree</u>, punishable as provided in s. 775.082 or s. 775.083.

29. Therefore, Barnett cannot argue that because the offense in question didn't rank as a "felony", her false allegation didn't amount to defamation per se.

## I. PLAINTIFF SEEKS ACTUAL DAMAGES

30. Plaintiff re-alleges and incorporates by reference all aforesaid factual allegations as though fully set forth herein.

31. Plaintiff, after the above-alleged defamatory conversations took place, endured garden variety emotional distress of humiliation and embarrassment.

32. "But for" Defendants' above-alleged defamations, Plaintiff would not have endured this emotional distress.

## J. PLAINTIFF SEEKS PRESUMED DAMAGES

33. Plaintiff re-alleges and incorporates by reference all aforesaid factual allegations as though fully set forth herein.

> Florida has thus singled out defamation per se for special rules in civil tort litigation.
>
> ...In Hartley & Parker v. Copeland, 51 So.2d 789 (Fla.1951), and Commander v. Pedersen, 116 Fla. 148, 156 So. 337 (1934), the court held that general damages are conclusively presumed to result from

7

defamation per se and that "special damages need not be shown to sustain the action." 156 So. at 341. In Miami Herald Publishing Company v. Brown, 66 So.2d 679, 680-81 (Fla.1953), the court made clear that general damages for defamation per se are "those which the law presumes must naturally, proximately, and necessarily result from the publication of the libelous matter. <u>They arise by inference of law, and are not required to be proved by evidence</u>... damages are presumed to result from defamation per se and need not be proved.

Lawnwood Medical Center Inc. v. Sadow, 43 So. 3d 710, 727 (Fla: Dist. Court App, 4th Dist. 2010)

34. Plaintiff, by making a prima facie case for defamation per se, *supra*, thus seeks presumed damages.

## K. PLAINTIFF SEEKS PUNITIVE DAMAGES

35. Plaintiff re-alleges and incorporates by reference all aforesaid factual allegations as though fully set forth herein.

36. Florida law allows punitive damages for defamation per se:

The singular protection afforded by Florida law to personal reputation in actions for defamations per se is further seen by the fact that punitive damages may be the primary relief in a cause of action for defamation per se.
...To sum up, Florida's unusually high protection of personal reputation derives from the common consent of humankind and has ancient roots. It is highly valued by civilized people. Our state constitution and common law powerfully support it. <u>This is a value as old as the Pentateuch and the Book of Exodus, and its command as clear as the Decalogue: "Thou shall not bear false witness against thy neighbor."</u> The personal interest in one's own good name and reputation surpasses economics, business practices or money. It is a fundamental part of personhood, of individual standing and one's sense of worth. <u>In short, the wrongdoing underlying the punitive damages in this case has Florida law's most severe condemnation, its highest blameworthiness, its most deserving culpability. For slander per se, reprehensibility is at its highest.</u>

Lawnwood Medical Center Inc. v. Sadow, 43 So. 3d 710, 727-29 (Fla: Dist. Ct. App. 4th Dist. 2010)

37. Plaintiff thus seeks punitive damages.

## L. DEMAND FOR JURY TRIAL

38. Plaintiff hereby demands a trial by 12-person jury on all issues so triable against Defendants.

## M. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against the Defendants collectively as follows: $60,000 in actual damages, $10,000 in presumed damages, and $30,000 in punitive damages, plus reasonable attorney fees/costs and such other and further relief as the Court may deem just and equitable.

I, Christian Doscher, Plaintiff in the above-entitled action, certify under penalty of perjury and the laws of the United States that the facts alleged in this Complaint are true and correct to the best of my knowledge.

Dated this 3rd day of August, 2016

_____
Christian Doscher
6435 Doe St. SE
Tumwater, WA. 98501
360-339-3257